# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BRYANT PATRICK NEWCOMB,

           Petitioner,

           v.

STATE OF ALASKA,

           Respondent.

Case No. 3:22-cv-00260-SLG

## ORDER OF DISMISSAL

On November 23, 2022, Bryant Patrick Newcomb, a self-represented prisoner, filed a petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and a civil cover sheet.[1] On December 2, 2022, Mr. Newcomb filed a Motion to Appoint Counsel.[2] In his petition, Mr. Newcomb seeks to challenge his pretrial detention alleging the state is violating his due process and speedy trial rights.[3] Mr. Newcomb specifically states he was not arraigned until "78 days after his arrest on

---

[1] Dockets 1-2.

[2] Docket 3.

[3] Docket 1 at 6-8. Mr. Newcomb alleges violations of the 6th, 8th, and 14th Amendments to the United States Constitution, but his narrative describes delays and continuances of court scheduled hearings and his trial, repeatedly referencing his due process and speedy trial. To the extent Mr. Newcomb seeks to allege cruel and unusual punishment, the Court also must dismiss this claim. The Cruel and Unusual Clause of the Eighth Amendment only protects convicted prisoners and does not apply to pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1861). Further, claims regarding conditions of confinement are not "within the core of habeas corpus" and are properly brought as civil rights action under 42 U.S.C. § 1983. *Skinner v. Switzer*, 562 U.S. 521, 525 (2011).

December 16, 2020" and there have been "16 court hearings without [his] knowledge or [his] presence."[4] For relief, Mr. Newcomb requests his pending state court case be dismissed.[5] On January 20, 2023, Mr. Newcomb filed a Motion for Default Judgment.[6] The Court takes judicial notice[7] of Mr. Newcomb's pending criminal case, *State of Alaska v. Bryant Patrick Newcomb,* Case No. 3PA-20-01693CR.[8]

## SCREENING REQUIREMENT

28 U.S.C. § 2241 provides federal courts with general habeas corpus jurisdiction.[9] A court must "promptly examine" a habeas petition.[10] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."[11]

---

[4] Docket 1 at 7.

[5] Docket 1 at 8.

[6] Docket 4.

[7] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service,* 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[8] Publicly available state court records may be searched at https://courts.alaska.gov/main/search-cases.htm (last visited March 13, 2023).

[9] *Rasul v. Bush*, 542 U.S. 466, 473 (2004).

[10] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts.

[11] *Id.*

Case No. 3:22-cv-260-SLG, *Newcomb v. State of Alaska*
Order of Dismissal
Page 2 of 8
Case 3:22-cv-00260-SLG   Document 5   Filed 03/17/23   Page 2 of 8

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[12] The writ is "a vital 'instrument for the protection of individual liberty' against government power."[13] Under 28 U.S.C. § 2241, this Court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[14] 28 U.S.C. § 2241 is the proper avenue for a state prisoner who seeks to challenge his state custody when there is no state judgment, such as here, where it appears Mr. Newcomb is challenging his pretrial detention.[15]

Upon screening, it plainly appears that Mr. Newcomb is not entitled to habeas relief pursuant to § 2241 because (1) he fails to name a proper respondent; and (2) the doctrine of *Younger* abstention compels the Court to abstain from exercising jurisdiction over Mr. Newcomb's current petition.

---

[12] *Rasul*, 542 U.S. at 473–74.

[13] *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015) (quoting *Boumediene v. Bush*, 553 U.S. 723, 743 (2008)).

[14] 28 U.S.C. § 2241(c)(3).

[15] *Stow v. Murashige,* 389 F.3d 880, 886 (9th Cir. 2004) ("By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment—for example, a defendant in pre-trial detention or awaiting extradition.") (quoting *White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir. 2004)).

### (1) Mr. Newcomb Has Not Named a Proper Respondent.

Mr. Newcomb named the State of Alaska as Respondent.[16] The proper respondent in a habeas corpus petition is the state officer who holds the petitioner in custody. This is usually the superintendent or warden of the prison in which the prisoner is held.[17] Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction.[18] Because Petitioner has not named a proper respondent, his habeas petition must be dismissed.

### (2) *Younger* Abstention

The *Younger* abstention, first announced by the U.S. Supreme Court in *Younger v. Harris*,[19] requires that "[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."[20] *Younger* abstention applies when the following four requirements are met:

> (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges;

---

[16] Docket 1 at 2.

[17] Rule 2(a), Rules Governing Section 2254 Proceedings for the United States District Courts. Pursuant to this Court's Local Habeas Corpus Rules, the Section 2254 procedural rules also apply to § 2241 petitions. D. Ak. HCR 1.1(c)(1).

[18] *Belgarde v. State of Mont.*, 123 F.3d 1210, 1212 (9th Cir. 1997) ("A petitioner for habeas relief under Section 2254 must name the state officer having custody of him or her as a respondent. 'Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction.'" (citations omitted) (quoting *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994)).

[19] 401 U.S. 37 (1971).

[20] *Sprint Commc'ns, Inc. v. Jacobs,* 571 U.S. 69, 72 (2013).

and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.[21]

If a case satisfies these four factors, a federal court must abstain from exercising jurisdiction over it unless there is "a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."[22] The Ninth Circuit has recognized an "irreparable harm" exception to *Younger* abstention that applies "under extraordinary circumstances where the danger of irreparable loss is both great and immediate."[23] Under the irreparable harm exception, *Younger* abstention

> does not require a district court to abstain from hearing a petition for a writ of habeas corpus challenging the conditions of pretrial detention in state court where (1) the procedure challenged in the petition is distinct from the underlying criminal prosecution and the challenge would not interfere with the prosecution, or (2) full vindication of the petitioner's pretrial rights requires intervention before trial.[24]

But the Ninth Circuit has "declined to apply the irreparable harm exception to *Younger* abstention where a federal habeas petitioner seeks to vindicate a speedy trial affirmative defense."[25] As explained in *Page*, "the speedy trial defense

---

[21] *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (quoting *Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019)).

[22] *Id.* (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)).

[23] *Id.* (quoting *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987)).

[24] *Page*, 932 F.3d at 903 (internal citations and quotations omitted) (holding delay of more than 12 years in bringing case to trial was not an "extraordinary circumstance" such as would make *Younger* abstention inappropriate).

[25] *Id.* at 904 (citing *Brown v. Ahern*, 676 F.3d 899, 901 (9th Cir. 2012); *Carden v. Montana*, 626

primarily protects the integrity of the trial itself" and, like most trial rights, "can be vindicated through reversal of the improperly-obtained conviction."[26]

Mr. Newcomb's petition meets each of the four *Younger* abstention requirements. First, Mr. Newcomb's case is an ongoing state proceeding. His case is pending in the trial court and is scheduled for trial beginning April 2, 2023.[27] Second, the Court takes judicial notice of the fact that in his pending criminal case, Mr. Newcomb has been charged with seven counts of sexual abuse of Minor 1 under Alaska Statute (AS) §11.41.434(a)(2); three counts of incest under AS § AS11.41.450(a)(1); and four counts of sexual abuse of Minor 2 under AS § 11.41.436(a)(3).[28] The State of Alaska has an important interest in prosecuting felony sex abuse cases.[29] Third, Plaintiff has not alleged that he cannot raise his claims in state court, such as in a pretrial motion or on direct appeal. Finally, the injunctive relief petitioner seeks—release and dismissal of the charges—would effectively enjoin his prosecution.

Although Mr. Newcomb alleges his arraignment was delayed and his case has been continued without his consent, he has shown that he is likely to succeed

---

F.2d 82, 84 (9th Cir. 1980)).

[26] 932 F.3d at 904.

[27] *State v. Newcomb,* Case No. 3PA-20-01693CR, Events.

[28] *Id.*, Party Charge Information.

[29] *Cf. Bean*, 986 F.3d at 1133 ("[T]he state has an important interest in prosecuting a murder case[.]").

on a habeas claim that would shorten his confinement. Mr. Newcomb has not alleged he was denied a constitutionally adequate bail hearing[30]; nor has he alleged any specific facts to support an inference of harassment or bad faith by the prosecution.[31] The cost, anxiety, and inconvenience of criminal defense is not the kind of special circumstance or irreparable harm to justify federal habeas intervention.[32]

In summary, Mr. Newcomb has not established grounds for applying to the irreparable harm exception to *Younger* abstention. Therefore, the Court must abstain from exercising jurisdiction over his current petition and the petition must be dismissed.

**IT IS THEREFORE ORDERED:**

1. The Petition at Docket 1 is **DISMISSED**.

2. All pending motions are **DENIED AS MOOT**.

3. The Clerk of Court is directed to enter a Final Judgment in this case.

---

[30] Compare *Arevalo,* 882 F.3d at 766 (holding the *Younger* abstention did not apply to a pretrial detainee's claim that he had been incarcerated for over six months without a constitutionally adequate bail hearing), with, *Page,* 932 F.3d at 903 ("[W]e have repeatedly rejected the argument that 'violation of the Speedy Trial Clause [is] sui generis such that it suffice[s] in and of itself as an independent 'extraordinary circumstance' necessitating pre-trial habeas consideration.'" (alterations in original) (quoting *Brown,* 676 F.3d at 901)).

[31] *See Juidice v. Vail,* 430 U.S. 327, 338 (the bad faith exception "may not be utilized unless" petitioner can allege and prove that the state prosecution is "in bad faith or [is] motivated by a desire to harass."); *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) (Bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction."); *Canatella v. Cal.*, 404 F.3d 1106, 1112 (9th Cir. 2005) (the bad faith exception requires more than mere conclusory allegations to invoke.).

[32] *Younger*, 401 U.S. at 46, 53-54.

4. A Certificate of Appealability shall not issue.[33]

DATED this 17th day of March, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[33] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).